# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

KELLEY WHITING, on behalf of herself
and all others similarly situated,

                         Plaintiff,

          vs.

BED BATH & BEYOND, INC.,

                         Defendant.

Civil Action No:

Class Action Complaint

Jury Trial Demanded

## CLASS ACTION COMPLAINT

Plaintiff KELLEY WHITING, on behalf of herself and all others similarly situated, by her attorneys, Lowey Dannenberg Cohen & Hart, P.C., Denlea & Carton LLP, and Rubin, Hay & Gould, P.C., as and for her class action complaint, alleges, with personal knowledge as to her own actions, and upon information and belief as to those of others, as follows:

## INTRODUCTION

1.     This action seeks to redress the illegal violation by Defendant Bed Bath & Beyond, Inc. ("BB&B" or "Defendant") of its customers' privacy rights in violation of the laws of the Commonwealth of Massachusetts.  Massachusetts law protects consumers from corporate use of their personal information for unsolicited marketing to them and for other corporate purposes unrelated to the completion of a credit card transaction. BB&B violates Massachusetts law when it collects zip codes from its customers when they make purchases using credit cards at its retail stores.

2.      It is only legal for retailers to ask customers for their zip codes if the credit card issuers require the retailer to do so.  However, it is unlawful for a retailer to collect zip code information from their customers for any other reason.  Nevertheless, Defendant and its employees collect their credit card customers' zip codes for Defendant's own improper marketing purposes.

3.      Defendant operates retail stores under the name Bed Bath & Beyond throughout the United States, including Massachusetts.  On information and belief, Defendant collects its credit card customers' zip codes to "reverse engineer" their customers' addresses and/or telephone numbers using commercially available databases.  By inputting its customers' names and zip codes into such databases, BB&B is often able to determine the customers' current addresses and/or telephone numbers.

4.      BB&B then uses that personal identification information for its own unsolicited marketing purposes, such as sending direct marketing mail directly to customers' homes without their permission.  BB&B may even sell that personal identification information to third parties.

5.      BB&B does not disclose its intentions to its customers, and instead relies on the common misconception of consumers that BB&B is using the zip code information as a security measure to verify cardholders' identities, as is the case with "pay-at-the-pump" gas station transactions where a zip code is required because there is no live clerk to verify identification.  BB&B, however, is not using zip codes as a security measure to verify cardholders' identities during credit card transactions and the credit card companies do not require ZIP codes to complete in-person "card present"

credit card transactions.

6.      The collection of ZIP codes from consumers who use credit cards violates

Mass. Gen Laws ch. 93 § 105(a), which provides:

> No person, firm, partnership, corporation or other business
> entity that accepts a credit card for a business transaction shall
> write, cause to be written or require that a credit card holder
> write personal identification information, not required by the
> credit card issuer, on the credit card transaction form. Personal
> identification information shall include, but shall not be limited to,
> a credit card holder's address or telephone number.

7.      Pursuant to Mass. Gen. Laws ch. 93 §105 and ch. 93A § 9, this class

action lawsuit is brought on behalf of a class of Massachusetts consumers whose

personal identification information was wrongfully collected by BB&B.  The Complaint

seeks statutory damages, treble damages, injunctive relief, and attorneys' fees and

expenses.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action under the Class Action Fairness

Act of 2005 ("CAFA"), 28. U.S.C. § 1332(d).  Jurisdiction is proper because (1) the

matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interests

and costs; and (2) the named Plaintiff and the Defendant are citizens of different states.

28 U.S.C. §1332(d)(2)(A).

9.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) because

substantial actions and events giving rise to the claim occurred within this judicial

district. Additionally, Defendant operates 43 retail stores in this judicial district and has

otherwise done substantial business within this judicial district.

## PARTIES

10.     Plaintiff Kelley Whiting is a citizen and resident of the Commonwealth of Massachusetts.  Ms. Whiting shops several times per year at a BB&B retail store in Massachusetts, and she uses her credit card for her purchases.  Each time Ms. Whiting presents her credit card, she is asked to state her zip code to the BB&B employee.  Each time, believing that she is required to do so in order to complete the credit card transaction, Ms. Whiting provides her zip code.  Subsequently, Ms. Whiting has received unwanted marketing materials from BB&B, and her personal identification information may have been sold by BB&B for a profit.

11.     Defendant BED BATH & BEYOND, INC. is a New York corporation, with its principal place of business in New Jersey.  As of February 25, 2012, there were 43 BB&B stores in Massachusetts.  On information and belief, BB&B follows a policy of writing customers' credit card numbers, names and zip codes on an electronic credit card transaction form in connection with its customers' credit card purchases.

## SUBSTANTIVE ALLEGATIONS

12.     BB&B employs improper means to collect personal customer information so that it can provide marketing materials to its customers to increase its sales. Unfortunately, by misusing the personal customer information it collects in connection with credit card transactions, BB&B engages in intrusive, unwanted direct marketing and invades its customers' privacy. BB&B may even sell for profit its customers' identities and purchasing information to third parties without their consent.

13.     Responding to consumers' need for protection, the Commonwealth of Massachusetts has enacted a law designed to prevent retailers from using a

consumer's decision to pay with a credit card as an excuse for collecting personal

identification information.  Mass. Gen Laws ch. 93 § 105(a) provides:

> No person, firm, partnership, corporation or other business
> entity that accepts a credit card for a business transaction shall
> write, cause to be written or require that a credit card holder
> write personal identification information, not required by the
> credit card issuer, on the credit card transaction form. Personal
> identification information shall include, but shall not be limited to,
> a credit card holder's address or telephone number.

14.     On March 11, 2013, the Supreme Judicial Court of Massachusetts issued

a landmark decision interpreting the meaning of Mass. Gen. Laws ch. 93 § 105.  *See*

*Tyler v. Michaels Stores, Inc.*, 2013 Mass. LEXIS 40 (2013).  The Supreme Judicial

Court held that the main purpose of Section 105(a) is not to prevent identity fraud, but

rather, Section 105(a) is intended to protect consumer privacy.  The Supreme Judicial

Court found that "based on the text, title and caption, and legislative history of §105, we

are persuaded that the principal purpose of §105(a), in contrast to §105(b), is to guard

consumer privacy in credit card transactions, not to protect against credit card identity

fraud."  *Id.* at *16.

15.     Turning to the three certified questions before it, the Court held first that a

zip code qualifies as personal identification information under Section 105(a).  *Id.* at *16-

17.  Second, the Court held that a plaintiff may bring an action for a violation of Section

105(a) without alleging a claim of identity fraud, but rather, to address a claim of

invasion of privacy by a merchant.  *Id.* at 19-20.  In order to do so, a plaintiff must allege

either that he or she actually received unwanted marketing materials as a result of the

merchant's unlawful collection of the consumer's personal identification information or

that the merchant sold the consumer's personal identification information for a profit.  *Id.*

at *23.  Third, the Court held that the term "credit card transaction form" in Section 105(a) should be understood to refer equally to an electronic and a paper transaction form.  *Id.*

16.     BB&B violates Mass. Gen. Laws ch. 93 § 105, as interpreted by the Supreme Judicial Court in *Tyler v. Michaels Stores, Inc.*  When a customer uses his or her credit card to make purchases at a BB&B retail store, the employee at the check-out counter requires the customer to provide his or her zip code in order to complete the credit card transaction.  The employee subsequently writes that zip code into an electronic credit card transaction form.

17.     On information and belief, BB&B is not required by the credit card issuers to obtain this information.  Rather, BB&B uses this information not for verification, but instead, for its own improper purposes.  In particular, BB&B has the ability to match the customer's name and zip code with an address and/or telephone number, the very information retailers are prohibited from obtaining under § 105.

18.     Consumers, like Plaintiff, have a statutorily created privacy interest in not having to divulge their personal identification information, including zip codes.

## CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this action on her own behalf and on behalf of a class of all persons in Massachusetts whose zip codes were obtained and recorded by BB&B when such persons made a credit card purchase at BB&B.

20.     Excluded from the Class is Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or had a controlling interest, or which Defendant otherwise controls or controlled; and any officer, director, employee, legal

representative, predecessor, successor, or assignee of Defendant.  Also excluded from the Class is any Judge presiding over this matter, and any member of said Judge's immediate family.

21.     This action meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure for the following reasons:

a.  The Class consists of thousands of persons and is therefore so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

b.  The questions of law or fact common to the Class predominate over any questions affecting only individual members, including:

   i.  Whether Defendant violated Mass. Gen. Laws ch. 93 § 105, thereby violating Mass. Gen. Laws ch. 93A § 2;

   ii.  Whether Defendant is being unjustly enriched by, among other things, selling the personal identification information of Plaintiff and the Class members to third parties;

   iii.  Whether Plaintiff and the Class members have sustained damages and, if so, the proper measure thereof; and

   iv.  Whether Defendant should be enjoined from the continued collection of ZIP codes from consumers using credit cards, and whether such a practice should be declared unlawful.

c.  The claims asserted by Plaintiff are typical of the claims of the members of the Class;

d.  Plaintiff will fairly and adequately protect the interests of the Class, and

Plaintiff has retained attorneys experienced in class and complex litigation, including litigation involving consumer protection;

e.  Prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for BB&B, *i.e.*, whether it can lawfully collect ZIP codes from consumers who make purchases using credit cards;

f.  BB&B has acted on grounds that apply generally to the Class, by unlawfully collecting ZIP codes, so that final injunctive relief prohibiting BB&B from continuing to do so is appropriate with respect to the class as a whole;

g.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy for the following reasons:

   i.  Class members will be unable to obtain relief as a practical matter unless the action proceeds as a class action, Defendant's violations of Massachusetts law will continue without remedy, additional customers will be harmed, and Defendant will continue to retain its ill-gotten gains;

   ii.  Because the damages recoverable by individual members of the Class are small, it would not be economical for individual class members to prosecute individual actions;

   iii.  When the liability of Defendant has been adjudicated, the Court will be able to determine the claims of all members of the Class;

iv.  A class action will permit an orderly and expeditious administration of Class claims, foster economies of time, effort, and expense and ensure uniformity of decisions;

v.  The lawsuit presents no difficulties that would impede its management by the Court as a class action; and

vi.  Defendant has acted on grounds generally applicable to Class members, making class-wide monetary and injunctive relief appropriate.

22.  Defendant's violations of Mass. Gen. Laws ch. 93 § 105, itself a violation of Mass. Gen. Laws ch. 93A § 2, are applicable to all members of the Class, and Plaintiff is entitled to have Defendant enjoined from engaging in illegal, deceptive and unfair conduct in the future.

## FIRST CAUSE OF ACTION
**(Violation of Massachusetts Unfair Trade Practices Act, Mass. Gen. Laws ch. 93A)**

23.  Plaintiff repeats and re-alleges the allegations contained in the Paragraphs above as if fully set forth herein.

24.  Mass. Gen Laws ch. 93 § 105(a) provides:

No person, firm, partnership, corporation or other business entity that accepts a credit card for a business transaction shall write, cause to be written or require that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form. Personal identification information shall include, but shall not be limited to, a credit card holder's address or telephone number.

25.  BB&B is a corporation that accepts credit cards for retail transactions.

26.  When a customer uses a credit card for a purchase at BB&B retail stores in Massachusetts, a BB&B employee requests the customer to provide his or her zip

code in order to complete the credit card transaction. The BB&B employee then writes that zip code into the credit card transaction form.  The credit card transaction form appears on the computerized check-out register used to process the point-of-sale transaction.  Customers usually provide this information in the mistaken belief that providing a zip code is necessary to complete the transaction, and BB&B employees usually tell the customers that the customers must provide their zip codes in order to complete the credit card transaction.

27.    A zip code is part of a credit card holder's address.  Therefore, a zip code is personal identification information within the meaning of Mass. Gen. Laws Ch. 93 § 105(a).  BB&B is able to use a customer's name and zip code to determine the customer's address or telephone number through the use of commercially available databases.

28.    Mass. Gen. Laws ch. 93 § 105(c) provides that the collection of personal identification information is a per se violation of Mass. Gen. Laws ch. 93A § 2: "Any violation of the provisions of this chapter shall be deemed to be an unfair and deceptive trade practice, as defined in section 2 of chapter 93A."

29.    Mass. Gen Laws ch. 93A § 9 provides:

> Any person … who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two … may bring an action in the superior court … for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper …. Any persons entitled to bring such action may, if the use or employment of the unfair or deceptive act or practice has caused similar injury to numerous other persons similarly situated and if the court finds in a preliminary hearing that he adequately and fairly represents such other persons, bring the action on behalf of himself and such other similarly injured and situated persons.

30.     Plaintiff and the members of the Class have been injured by BB&B's collection of their zip codes in connection with their credit card transactions and Defendant's subsequent use of their personal identification information.  Mass. Gen. Laws. Ch. 93 § 105 creates a protected privacy interest held by consumers in not having to divulge personal identification information, including their zip codes, when they use a credit card.  Plaintiff and the Class have been injured because they have received unwanted marketing materials from BB&B as a result of having provided their zip codes when using credit cards at BB&B.  In addition, Plaintiff and the Class have been injured by BB&B's misappropriation of their economically valuable personal identification information without consideration.

31.     Mass. Gen. Laws. Ch. 93A § 9(3) requires that a written demand letter be sent to a Defendant prior to instituting suit.  In the related putative class action, *Melissa Tyler v. Bed Bath & Beyond Inc.*, Case 1:13-cv-10639, filed on March 20, 2013, plaintiff therein alleges she served, on March 11, 2011, a written demand for relief upon Defendant identifying Ms. Tyler as a claimant and reasonably describing the same unfair or deceptive act as alleged herein and the injury she and the other class members have suffered.  By letter dated April 4, 2011, Defendant acknowledged receipt of that demand letter.  Plaintiff Kelley Whiting's claims are identical to Melissa Tyler's claims about which BB&B has already received a written demand letter.  Accordingly, because BB&B has been put on notice of the claims alleged herein since March 11, 2011, and has actually received a written demand letter regarding those claims, Plaintiff Kelley Whiting is not required by Mass. Gen. Laws Ch. 93A § 9(3) to serve a demand letter upon Defendant prior to instituting this action.  *See Baldassari v. Public Finance*

*Trust*, 369 Mass. 33, 42 (1975) ("If a proper demand [under G.L. c.93A §9(3)] is made by one plaintiff, identifying him as the claimant and reasonably describing the act or practice relied on and the injury suffered by him, we think he and others similarly situated may join in a class action to redress that injury and similar injuries caused by the same act or practice.  Multiple demands for relief need not be filed on behalf of all members of the class.  If no reasonable tender of settlement is made in response to the first demand, further demands are not likely to serve any useful purpose and are not required.").

## SECOND CAUSE OF ACTION
### (Unjust Enrichment)

32.     Plaintiff repeats and re-alleges the allegations contained in the Paragraphs above as if fully set forth herein.

33.     Defendant knowingly and willingly accepted benefits from Plaintiff and the Class consisting of their economically valuable personal identification information, while providing Plaintiff and the Class nothing in return.

34.     Under the circumstances described herein, it is inequitable for Defendant to retain the full monetary benefit of that personal identification information at the expense of Plaintiff and the Class.

35.     By engaging in the conduct described above, Defendant has unjustly enriched itself at the expense of Plaintiff and the Class and is required, in equity and good conscience, to compensate Plaintiff and the Class for the appropriation of their personal identification information, the amount of such compensation to be determined at trial.

## THIRD CAUSE OF ACTION

**(Declaratory Relief Pursuant to 28 U.S.C. §§ 2201, *et. seq.*)**

36.     Plaintiff repeats and re-alleges the allegations contained in the Paragraphs above as if fully set forth herein.

37.     An actual controversy, over which this Court has jurisdiction, has arisen and now exists between the parties relating to the legal rights and duties of Plaintiff and Defendant for which Plaintiff desires a declaration of rights.

38.     A declaratory judgment is necessary to determine Plaintiff and Class members' rights in connection with the unlawful collection of ZIP codes by Defendant, including, among other things, a declaration that Defendant has violated Mass. Gen. Laws. ch. 93 § 105.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

A.     Certifying this action as a class action, with a class as defined above;

B.     On Plaintiff's First Cause of Action, awarding against Defendant statutory damages that Plaintiff and the other members of Class have suffered as a result of Defendant's actions in the amount of $25.00 per class member, such damages to be trebled;

C.     On Plaintiff's Second Cause of Action, awarding against Defendant damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions;

D.   On Plaintiff's Third Cause of Action, declaring that Defendant's practice of collecting of zip code information from customers in a credit card transaction where such information is not required by the credit card issuer to be a violation of Mass. Gen. Laws. Ch. 93 § 105;

E.   Awarding Plaintiff and the Class interest, costs, and attorneys' fees; and

F.   Awarding Plaintiff and the Class such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:   Framingham, Massachusetts
         March 28, 2013

Respectfully submitted,

**RUBIN, HAY & GOULD, P.C.**

By:   /s/ David J. Fine
David J. Fine, Esq.
205 Newbury Street
Framingham, Massachusetts  01701
Tel: (508) 875-5222
Fax: (508) 879-6803
dfine@rhglaw.com

**LOWEY DANNENBERG COHEN & HART, P.C.**

By:    /s/ Barbara Hart
          /s/ Jeanne D'Esposito
Barbara Hart
Jeanne D'Esposito
One North Broadway, Suite 509
White Plains, NY 10601-2301
Telephone:   (914) 997-0500
Facsimile:     (914) 997-0035
bhart@lowey.com
jdesposito@lowey.com


**DENLEA & CARTON LLP**

By:    /s/ Jeffrey I. Carton
          /s/ Robert J. Berg
Jeffrey I. Carton, Esq.
Robert J. Berg, Esq.
One North Broadway
Suite 509
White Plains, New York 10601
Tel: (914) 920-7400
Fax: (914) 761-1900
jcarton@denleacarton.com
rberg@denleacarton.com
*Attorneys for Plaintiff*